IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerrald Anthony Folks,<br><br>              Plaintiff,<br><br>v.<br><br>Aiken Public Safety; Sgt. Ellison; EMS; Richmond County; Aiken County Medical Staff; Aiken County; Aiken County EMS; Richard Roundtree; and Mike Hunt,<br><br>              Defendants. | C/A No.: 1:21-105-MGL-SVH<br><br><br><br>ORDER AND NOTICE |

Jerrald Anthony Folks ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the Aiken Public Safety, Sgt. Ellison, EMS, Richmond County, Aiken County Medical Staff, Aiken County, Aiken County EMS, Richard Roundtree, and Mike Hunt (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff claims Sgt. Ellison and Officer Hansen used excessive force against him during his arrest. He alleges that EMS was called to the scene but

attended to the officers instead of Plaintiff, and he was instead driven to the Aiken Hospital in the police car. Once he arrived at the Aiken Hospital, it was determined that he needed to be taken to the trauma hospital in Augusta, Georgia, and he was transported by EMS. Plaintiff suffered five broken ribs, a punctured lung, a fractured neck, and head concussions.

Plaintiff alleges he did not receive any "aftercare." He states he was illegally detained in the Richmond County Detention Center, in Richmond County, Georgia, for 11 days after his 14-day hospitalization. [ECF No. 1-1 at 2]. He alleges he was extradited to Aiken, where he was denied a bond. *Id.* He alleges there was no concern for his injuries and he caught COVID-19, causing him to be hospitalized for eight days at Aiken Regional Medical Center. *Id.* at 3.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

    1.    EMS, Aiken County EMS, Aiken County Medical Staff

Plaintiff has not stated a valid § 1983 claim against EMS, Aiken County EMS, and Aiken County Medical Staff (collectively "Medical Defendants"), as

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

4

these defendants do not qualify as "persons." A medical department, including "EMS," is a group of persons working in a department, building, or facility, and therefore cannot qualify as a person. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that the use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions). Because the Medical Defendants are not individual "persons" pursuant to § 1983, Plaintiff has failed to state a claim on which relief may be granted as to Medical Defendants.

2. Richard Roundtree and Mike Hunt

Plaintiff has failed to state viable claims against Richmond County Sheriff Richard Roundtree and Aiken County Sheriff Mike Hunt. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se,

but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

Because Roundtree and Hunt are employed by the Sheriffs of their respective counties, they are considered arms of the state and not "persons" within the meaning § 1983. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988) (addressing whether sheriffs in South Carolina are state or county officials); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that the Greenville County Sheriff, in his official capacity, was immune from suit for monetary damages under § 1983); *Cone v. Nettles*, 417 S.E.2d 523, 524–25 (S.C. 1992) (concluding that South Carolina sheriffs and their deputies are state officials for purposes of § 1983); see also *Manders v. Lee*, 338 F.3d 1304, 1329 (11th Cir. 2003) (finding that a Georgia county sheriff was entitled to Eleventh Amendment immunity.

       3.    Aiken Public Safety, Richmond County, and Aiken County

Plaintiff has also failed to state a § 1983 claim against Aiken Public Safety, Richmond County, and Aiken County ("County/Municipal Defendants"). Municipalities and other local governmental units cannot be sued on a respondeat superior theory for the unconstitutional acts of their employees. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). However, local governing bodies, such as counties, municipal corporations, and school boards, are "persons" that can be sued directly under § 1983 for

6

monetary, declaratory, or injunctive relief when alleged unconstitutional action executes governmental policy or custom. *Id.* To establish municipal liability, a plaintiff must plausibly allege that the city's policies caused the constitutional violation. *McMillian v. Monroe Cty.*, 520 U.S. 781, 784 (1997). A municipality is responsible only when execution of its policy or custom—made by its lawmakers or individuals whose acts "may fairly be said to represent official policy"—inflicts injury. *Id.* (quoting *Monell*, 436 U.S. at 694); *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). When the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity. *Hughes v. Blankenship*, 672 F.2d 403, 405–06 (4th Cir. 1982). Plaintiff's claims against Municipal/County Defendants are therefore subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 18, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself.[2] *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading

---

[2] The undersigned notes that Plaintiff makes allegations against Officer Hansen and Investigator Savannah Williams in his supporting documents [ECF No. 1-1], but does not name these individuals as defendants.

ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.[3]

    IT IS SO ORDERED.

January 28, 2021                                          Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

---

[3] Based on the allegations in the complaint currently before the court, the undersigned would authorize service against Sgt Ellison if Plaintiff brings this case into proper form.