IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerrald Anthony Folks, | ) | C/A No.: 1:21-105-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sgt. Ellison; Captain Bill Reeves; | ) | ORDER |
| Christopher Deloach, EMS | ) | |
| Director; Offc. Hanson; Brandy | ) | |
| Galloway, Nurse; Sara Ledbetter, | ) | |
| Nurse; Captain Nick Gallam; Inv. | ) | |
| S. Williams; and Capt. Sawyer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jerrald Anthony Folks ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter is before the court on Plaintiff's motion for appointment of counsel. [ECF No. 27].

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states

that he has been told he needs an attorney to obtain his medical records. *Id.* He also notes he needs to obtain the body camera and dash camera from defendants Ellison and Hanson.[1] *Id.*

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). Plaintiff should not need an attorney to obtain his medical records and may sign a HIPAA form for release of his medical records without an attorney. He may serve requests for production on defendants' counsel to obtain medical records and video related to his arrest. The court notes that Plaintiff has competently represented himself thus far. In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

---

[1] The court notes that the docket reflects that Hanson and Ellison have been served and have not answered. It is unclear whether service was proper from the face of the returned Forms USM-285.

IT IS SO ORDERED.

May 10, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge