IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerrald Anthony Folks, | ) | C/A No.: 1:21-105-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sgt. Ellison; Captain Bill Reeves; | ) | ORDER |
| Christopher Deloach; Officer | ) | |
| Hanson; Brandy Galloway; Sara | ) | |
| Ledbetter; Captain Nick Gallum; | ) | |
| Investigator Savannah Williams; | ) | |
| and Captain Sawyer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Jerrald Anthony Folks ("Plaintiff"), proceeding pro se and in forma pauperis, filed this amended complaint pursuant to 42 U.S.C. § 1983 against Sgt. Ellison, Captain Bill Reeves, Christopher Deloach, Officer Hanson,[1] Brandy Galloway, Sara Ledbetter, Captain Nick Gallum, Investigator Savannah Williams, and Captain Sawyer (collectively "Defendants").

This matter comes before the court on Plaintiff's motion for summary judgment [ECF No. 37] and Hanson's motion for an extension of time to file an answer. [ECF No. 45].

---

[1] The defendant's name is now Katherine Breeden, but the court refers to her as Hanson for consistency.

Plaintiff's motion states it is brought pursuant to Fed. R. Civ. P. 56 for summary judgment, but it is more properly construed as a motion for default judgment against Ellison and Hanson. On July 21, 2021, Ellison filed a motion arguing that service was improper and contemporaneously filed an answer. [ECF Nos. 42, 43]. Also on July 21, 2021, Hanson filed a motion requesting leave to file an answer out of time. [ECF No. 45]. Attached to Hanson's motion is an affidavit explaining the circumstances leading to her having failed to timely file an answer. [ECF No. 45-2].

Pursuant to Fed. R. Civ. P. 6, the court may "for good cause shown" extend the time to plead "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The United States Supreme Court has defined "neglect" to include late filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The undersigned finds that Hanson has shown good cause to extend the deadline to answer based on Hanson's excusable neglect. The undersigned notes that Plaintiff will not be prejudiced by the extension, as a scheduling order was only recently issued on July 9, 2021, and Plaintiff has ample time to conduct discovery.

For the foregoing reasons, the undersigned grants Hanson's motion for an extension of time to answer [ECF No. 45] and direct the Clerk of Court's

office to file the proposed answer at ECF No. 45-1 as a new docket entry. Additionally the Clerk is directed to term Plaintiff's motion for summary judgment [ECF No. 37] as moot.

IT IS SO ORDERED.

July 23, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge