

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| JERRALD ANTHONY FOLKS, §<br>      Plaintiff, §<br>vs.           §<br>          §<br>          §<br>SGT. ELLISON, OFFC. HANSON, NURSE §<br>BRANDY GALLOWAY, and NURSE  §<br>SARA LEDBETTER,       §<br>      Defendants. §| CIVIL ACTION 1:21-105-MGL-SVH |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AND ADJUDICATING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AS DETAILED HEREIN**

Plaintiff Jerrald Anthony Folks (Folks) filed this 42 U.S.C. 1983 lawsuit against Defendants Sgt. Ellison (Ellison) and Officer Hanson (Hanson) (collectively, the Sheriff Defendants), as well as against Nurse Brandy Galloway and Nurse Sara Ledbetter (collectively, the Nurse Defendants). Folks is self represented. He was a pretrial detainee at the time of the alleged constitutional violations discussed herein.

In Folks's lawsuit, he maintains that the officers involved in his arrest employed excessive force and that the medical personnel he saw failed to provide adequate medical care for the injuries he sustained and later when he contracted COVID-19 while incarcerated. He claims violations of his Fourth, Eighth, and Thirteenth Amendment rights.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Sheriff Defendants' motion for summary judgment be

granted in part and denied in part. Specifically, she recommends that the Court grant their motion for summary judgment as to Hanson, but deny it as to Ellison. Further, the Magistrate Judge suggests that Nurse Defendants' motion for summary judgment be granted in full. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 19, 2022, and Sheriff Defendants filed their objections on September 2, 2022. Folks nor Nurse Defendants filed any objections to the Report. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Court considers Folk's excessive force claim against Sheriff Defendants under the Fourth Amendment. *See Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014) ("A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard.").

Sheriff's Defendants Objections are not clearly delineated in their submission. Nevertheless, the Court has teased out five objections.

First, Sheriff Defendants object to the portion of Report that "stated that there was no indication [Folks] posed a threat[.]" Objections at 2. According to Sheriff Defendants, this "seems to omit the undisputed fact that . . . Ellison was observing [Folks] arming himself with handcuffs

and a flashlight. Both of which he not only could use as weapons but did use as weapons against . . . Ellison." Objections at 2-3 (citations and emphasis omitted).

But, as the Magistrate Judge noted in the Report, Folks's "version of events denies each of these actions, and, taking evidence in light most favorable to [Folks] as the [C]ourt must at this stage of the proceedings," Report at 19, the Court is unable to conclude, as a matter of law, that Folks posed a threat. Thus, the Court will overrule this objection.

Second, Sheriff Defendants object to the Magistrate Judge's conclusion "there is a dispute as to the facts from the time the body camera was violently knocked off Sgt. Ellison and the footage captured by Officer Hanson when she arrived on scene[.]" Objections at 3. According to Sheriff Defendants, Folks's "supposed passive resistance is disproven by all video evidence." *Id*.

Two things: first, although Folks's "supposed passive resistance [might be] disproven by all video evidence[ ]" available, *id*., there is not video evidence of the entire encounter between Ellison and Folk. *See* Report at 16 (there were "roughly three minutes after [Ellison's] body camera evidence stopped and before Hansen's body camera evidence begins"). And second, the Magistrate Judge did not conclude Folks employed only passive resistance. Accordingly, the Court will overrule this objection as well.

In Sheriff Defendants' third objection, they contend the Magistrate Judge erred in failing to conclude that Folks actively resisted arrest. Objections at 4.

On this topic, the Magistrate Judge aptly stated as follows:

> [Folks] admits he was attempting to evade arrest by flight. More specifically, [Folks] testified as to the following order of events: he jerked his hand away, turned to flee but was unable to take more than one or two steps, and was tripped. Thereafter, Ellison beat [Folks] and sprayed him with pepper spray. [Folks] then ran across the street where he fell again on the curb. At some point, [Folks] was kicked in the face, and, after he fell the second time, was hit hard on his left side, causing him to pass out.

Report at 19.

Sheriff Defendants seem to want to pose this as a dispute as to whether Folks was resisting arrest or attempting to evade arrest by flight. But, the primary question here is whether Ellison used excessive force against Folks.

"Noncompliance with lawful orders justifies some use of force, but the level of justified force varies based on the risks posed by the resistance." *Estate of Armstrong ex rel. Armstrong v. Village of Pinehurst*, 810 F.3d 892, 901 (4th Cir. 2016). And, the "justified degree of force is the degree reasonably calculated to prevent [the arrestee's] flight." *Id*.

Based on the record before it, the Court is unable to say a reasonable jury would not find that Ellison used excessive force against Folks. Consequently, the Court will overrule this objection, too.

Fourth, Sheriff Defendants "argue[ ] that [the Magistrate Judge] improperly found that summary judgment cannot be granted at this juncture since the reasonableness standard must be examined from . . . Ellison's perspective." Objections at 4. "Therefore," according to Sheriff Defendants, "the evidence that is most applicable to the standard would be Ellison's description of what occurred and [Folks's] admission he was attempting to evade arrest." *Id*.

Folks's Fourth Amendment "claim[ ] [is] properly analyzed under the Fourth Amendment's "objective reasonableness" standard[.]" *Graham v. Connor*, 490 U.S. 386, 388 (1989). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

"An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id*.

The objectively reasonable inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an

immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*., at 396.

The Sheriff Defendants are correct inasmuch as "the reasonableness standard must be examined from . . . Ellison's perspective." Objections at 4.  But, that, of course, does not mean that, just because Ellison perceived the degree of force he employed to be proper, that a jury would necessarily agree.

As the Court noted above, the facts leading up to Ellison's use of force are disputed.  As such, construing the facts in the light most favorable to Folks, the Court is unable to say that, as a matter of law, the degree of Ellison's use of force against Folks was objectively reasonable.  Hence, the Court will also overrule this objection.

In Sheriff Defendants' fifth and final objection, they maintain they "rel[y] on [their] stated arguments in their Motion for Summary Judgment and Memorandum in Support of Summary Judgment[ ]" for relief.  Objections at 6.

Such non-specific objections are improper.  As per the law of the Fourth Circuit, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

*****

As the Court noted above, the Magistrate Judge suggests that the Court grant Sheriff Defendants' motion for summary judgment as to Hanson.  Folks did not object.

Concerning Folks's Eighth Amendment claim against Nurse Defendants for medical indifference, because he was a pretrial detainee, the Magistrate Judge analyzed this claim under the Fourteenth Amendment instead.  *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) ("Because [the plaintiff] was a pretrial detainee and not a convicted prisoner at the time of the alleged

5

[constitutional violation], this claim is governed by the due process clause of the [F]ourteenth [A]mendment rather than the [E]ighth [A]mendment's prohibition against cruel and unusual punishment.").

Inasmuch as Folks neglected to object to the Magistrate Judge's recommendation that the Court grant summary judgment on this claim, the Court need not discuss it here.

As the Court noted above, Folks also brought a Thirteenth Amendment claim. The Thirteenth Amendment prohibits slavery and involuntary servitude except as a punishment for a crime. U.S. Const. amend XIII. But, as the Magistrate Judge noted, Folks failed to state a claim against Sheriff Defendants or Nurse Defendants that his Thirteenth Amendment rights were violated. Folks has neglected to argue otherwise. Thus, the Court will grant summary judgment on this claim, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Sheriff Defendants' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Sheriff Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Specifically, their motion is **GRANTED** as to Hanson, but **DENIED** as to Ellison. And, Nurse Defendants' motion for summary judgment is **GRANTED** in full.

**IT IS SO ORDERED**.

Signed this 20th day of October, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.