IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerrald Anthony Folks, | ) | C/A No.: 1:21-105-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sgt. Ellison, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jerrald Anthony Folks ("Plaintiff") was arrested on April 24, 2020, and filed suit, proceeding pro se, alleging that the officers involved in his arrest employed excessive force and the medical personnel who saw him did not provide adequate medical care for the injuries he sustained and later when he contracted Covid-19 while incarcerated. Plaintiff's excessive force claim brought pursuant 42 U.S.C. § 1983 against one of the officers involved, Sergeant Ellison ("Defendant"), survived summary judgment. [ECF No. 108, ECF No. 114]. Thereafter, Plaintiff secured counsel, and the parties agreed by consent for the case to be referred to the undersigned for trial. [ECF No. 137].

On August 31, 2023, the parties participated in an in-person mediation with Amy Synder, Esquire. During the course of settlement discussions, Defendant, through his insurer, agreed to pay and Plaintiff agreed to accept the sum of $50,000.00 for a full and final settlement of this matter. Each party to the mediation confirmed and acknowledged their consent to the terms of the

settlement by signing a Settlement Agreement. [ECF No. 194-1]. On October 26, 2023, Defendant's counsel forwarded the settlement check to Plaintiff's counsel, as well as a Release and proposed Stipulation of Dismissal. [ECF No. 194-2].

On September 5, 2023, following the above mediation, the court issued a *Rubin* Order indicating that "either party may within 60 days petition the court to enforce settlement," pursuant to Fed. R. Civ. P. 60(b). [ECF No. 191]. The matter comes before the court on Plaintiff's pro se motions to recant the settlement agreement filed October 30, 2023 and November 16, 2023 [ECF Nos. 193, 196], although he is represented by counsel,[1] and Defendant's motion to enforce the settlement filed October 30, 2023. [ECF No. 194].

I.    Discussion

    A.    Applicable Standard

Because motions to reopen a case are not expressly contemplated by the Federal Rules of Civil Procedure, Plaintiff's motions are liberally construed as a motion for relief under Fed. R. Civ. P. 60(b). This rule allows a court, on motion and just terms, to relieve a party or its legal representative from a final judgment, order, or proceeding under certain circumstances. The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the

---

[1] Plaintiff's counsel has filed a response in response to Plaintiff's first motion to recant. [ECF No. 195].

district court which will not be disturbed on appeal absent a showing of abuse of that discretion. *Central Operating Co. v. Utility Workers*, 491 F.2d 245, 252 (4th Cir.1974).

Before a party may seek relief under Rule 60(b), he first must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). District courts must rigorously examine these four predicate requirements because Rule 60(b) relief is "extraordinary" and to be used only in "exceptional circumstances." *Coomer v. Coomer*, No. 98-2236, 2000 WL 1005211 (4th Cir. July 20, 2000) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). In the event the moving party can clear this onerous four-part threshold, he must then satisfy one of the six enumerated factors set forth in Rule 60(b). *Id.* (citation omitted).

B.   Analysis

It appears that Plaintiff seeks to recant the settlement agreement based on "ineffective assistance of counsel," based on advice and opinions counsel offered to Plaintiff presumably during the settlement process and because he may have prevented or discouraged Plaintiff's wife and son from attending the settlement agreement. [ECF No. 193 at 1]. Plaintiff also asserts that, medically, he has "not been released with a clean bill of health." *Id.* at 2.

3

Plaintiff states he also was under duress. [ECF No. 196 at 1].[2]

After careful review, the court finds that Plaintiff has not met the threshold requirements for relief under Rule 60(b) because he has not shown that exceptional circumstances warrant relief. Upon repudiation of a settlement agreement terminating litigation pending before it, a district court "has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket." *Gant v. City of N. Charleston*, C/A No. 2:08-3257-CWH, 2010 WL 11651901, at *2 (D.S.C. July 13, 2010) (citing *Fairfax Countywide Citizens Ass'n v. Fairfax Cnty.*, 571 F.2d 1229, 1303 (4th Cir. 1978)). As further explained by this court:

> Importantly, though, these cases tend to involve situations where one party refuses to comply with a settlement agreement and the other party seeks to reopen proceedings in the case. Under such circumstances it can fairly be said that "exceptional circumstances"—the other party's unexpected repudiation of the settlement agreement that was behind the dismissal of the case—exist.

*Id.* at *2 (citations omitted).

However, this court has rejected the efforts of a party to reopen a case where that party is the same party that seeks to repudiate the settlement agreement under circumstances similar to those found here. *Id.* ("Under these

---

[2] Plaintiff also appears to argue Defendant did not comply with the settlement agreement, but this argument is not consistent with the record. [ECF No. 196 at 2].

4

circumstances, Plaintiff's purported repudiation of the settlement agreement he signed does not constitute an exceptional circumstance warranting the reopening of the case."); *see also Crummie v. Robinson*, C/A No. 2:21-00766-MGB, 2023 WL 6785838, at *2 (D.S.C. Sept. 5, 2023).[3] Additionally, as the Fourth Circuit has held, "'[h]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement . . . ." *Hensley v. Alcon Lab'ys, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (citing *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997)); *see also Grant*, 2010 WL 11651901, at *2 ("[T]he broad power granted by [Rule 60(b)(6)] is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made.").[4]

## II.   Conclusion

Accordingly, Plaintiff's motions to recant are denied [ECF No. 193, ECF

---

[3] Consistent with his ethical obligations as an officer of the court, Plaintiff's counsel has informed the court that "that the plaintiff entered into a binding settlement agreement at the Court-ordered mediation of this case." [ECF No. 195 at 1].

[4] Plaintiff states he was under duress, but the basis for this assertion is unclear. Additionally, Plaintiff has not indicated that he was mentally unable to enter into the settlement agreement. *See Claiborne v. City of Greenville, S.C.*, C/A No. 6:16-2910-TMC-KFM, 2018 WL 11275376, at *3 (D.S.C. Mar. 2, 2018) ("Under South Carolina law, duress has been defined as coercion that puts a person in such fear that he is 'bereft' of the quality of mind essential to the making of a contract and the contract was thereby obtained as a result of this state of mind.") (citing *Hyman v. Ford Motor Co.*, 142 F. Supp. 2d 735, 744 (D.S.C. 2001)).

No. 196], and Defendant's motion to enforce settlement is granted. [ECF No. 194]. The court declines at this time to sanction Plaintiff or award attorney's fees, as requested by Defendant.

    IT IS SO ORDERED.

November 17, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge