IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerrald Anthony Folks, | ) | C/A No.: 1:21-105-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sgt. Ellison, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the request of Plaintiff's counsel, the court held a telephonic status conference in this case at which Plaintiff's counsel, Plaintiff, and Defendant's counsel joined. Plaintiff's counsel sought direction from the court related to disbursing the settlement proceeds because Plaintiff had failed to execute the release Plaintiff's counsel sent him three times and because Plaintiff's wife objects to the resolution reached at mediation. The court was informed that Plaintiff had failed to execute the settlement documents, despite the court having denied Plaintiff's motions to recant the settlement agreement. [ECF Nos. 193, 196]. Plaintiff reported that he mailed the release to his counsel yesterday. The court directs Plaintiff to execute the settlement agreement as agreed to at mediation and to transmit the documents to his counsel immediately, if not already done so. If Plaintiff's counsel does not advise defense counsel that they have received the executed settlement documents by **December 20, 2023,** defense counsel is directed to file an affidavit of costs and

fees incurred since mediation. The court will order that defense counsel's costs and fees be deducted from Plaintiff's settlement proceeds as a sanction for his failure to timely execute the release as he agreed to at mediation. Additional sanctions will be ordered if Plaintiff continues to delay in executing the settlement documents. Upon receipt and transmission to Defendant's counsel of the release, Plaintiff's counsel is directed to disburse Plaintiff's portion of the settlement into his commissary account.

    IT IS SO ORDERED.

December 6, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge